Our second case for this morning is Evans v. Dorethy, and we'll hear from Mr. Melking. Good morning, Your Honors, Counsel, and may it please the Court, I'm Assistant Appellate Defender Rob Melking, here on behalf of Appellant Maurice Evans. Your Honors, the Illinois Supreme Court has, by its case law, created an additional requirement necessary to a conviction of felony murder. The State must not only prove a predicate felony to death, the traditional felony murder requirements, it must also prove that the predicate felony was committed with an independent felonious purpose from the killing. So here's my problem with your argument. I think it's similar to the one that the District Court Judge had. Let's suppose you're right, that the State has engrafted an additional requirement. We have a decision from the Illinois Appellate Court that whatever was done here was enough to satisfy that, and we have the denial of a petition for leave to appeal from the Illinois Supreme Court. So I just see no way around understanding your request as the State got State law wrong. Okay, Your Honor, so as you most likely know, Illinois has itself stated in the Supreme And the Supreme Court of the United States is the same way, but we have the Illinois Appellate Court. I just wanted to get that out of the way. Yeah, no, it's a fair enough point, but the Illinois Appellate Court, which is the court authorized to speak to such matters, does not understand Illinois law, and unless there was some federal due process requirement that this be an element, and I don't understand where you would get that from, where that's clearly established at least. Well, Your Honor, I would argue there's a whole line of cases saying that's established from the Apprendi line of cases onward. But only if it's an element of State. Only if the State has made it an element, and in fact, the statutes of the State you seem to concede don't. Apprendi itself, the State itself labeled it as it was not an element, and that was the whole issue in that case. And going back, Your Honor, just to something you said about the State court, the State required for conviction, and they agreed that it's established, that it's a question of fact. And they also then said that when you look at the instructions as a whole, when you look at the way this case was presented to the jury, the jury necessarily had to find that the defendant acts with the felonious purpose, you know, the mob action is going on actually for quite a while on the platform, even forget about the train, on the platform before, however, this poor man fell down onto the electric rail happened. So addressing the first idea that the instructions somehow ask this question, they in no way address the independent felonious purpose question. These are presumably the exact same instructions that were given in Morgan and Pelt, where the trial court found those convictions had to be reversed. And so far as the mob action acts on the platform. But just to be clear, I mean, the State court doesn't think there's any problem of State law here. I'm sorry, Your Honor. Go ahead. An unpublished decision, which, you know, this court has itself said in no way could be read as overruling a Supreme Court decision from that same State said that. And the Supreme Court on its own has said four times that this is a fact required for conviction, that you cannot be found guilty of this fact, absent this fact. Well, but there's an exception for the unpublished opinion rule, which is if it's that case, you know. So we have the Illinois appellate court deciding that this issue as a matter of State law was adequately presented. I understand you don't think so, but then when we step back and try to apply what you're trying to apply, the Apprendi line of cases, I don't see, you know, how anything that Apprendi was worried about, Apprendi's worried about an entirely, you know, different offense, basically. If you had committed these extra actions or elements, then you had an enhanced sentence, you had other sorts of things. I don't see where that happens here. This is felony murder. And so the jury's asked, did he commit the felony? Yes. You know, was a death in conjunction with it? Yes. Well, Your Honor, then where does he get relief? Where does this mandate come? Where does he finally, where is this due process right? So this is just a requirement that like exists out in the ether and it can only come up on review. This is what Apprendi is all about. It's that the trier of fact must determine fact questions. Well, go ahead. The Illinois court of appeals, as you say, was unpublished, but we're required to predict what the Illinois Supreme Court will do. And we often are bound by what, not bound, but at least take into strong consideration what the court of appeals does. And Your Honor, so far as predicting the Supreme Court, the Supreme Court has literally said you cannot be found guilty of this offense absent this fact. The thing they haven't done, the elephant in the room is they haven't said this is an element. They haven't explicitly called this an element. They've said you can't be convicted absent this fact. But once the Illinois Supreme Court has said that you cannot be convicted of felony murder absent this fact, at that point due process kicks in. Otherwise what is this? I mean at that point, the due process demands that the conviction be, or the trier of fact determine this question. Otherwise, we just have a requirement for conviction that is never enforced. Well, but I guess, you know, again, I'm looking at the Illinois appellate court's opinion, paragraph 27, you know, your client's not challenging that the underlying offense of had an independent felonious purpose, you're making this Morgan Pelt Davison argument. And then they, on the next page in paragraph 28, they go through the actual instructions for the jury. The jury's been told about mob action. And they say in 29, these instructions, actually says these instruction, read together, adequately apprise the jury that it must find that defendant acted with the felonious purpose of mob action, that was independent of the felonious purpose for murder. The jury's never instructed that you have to find that he intended to murder. The intent that it's instructed about is the intent to commit mob action. So they don't see it your way. And then the question is, given the deference that this court is supposed to give to what the state court did, where is the Supreme Court decision, other than just sort of the very broad decision in Apprendi that says that this isn't enough? The state court decision? You said the state court, did you mean federal court? Why is the state court so unfaithful to U.S. Supreme Court precedent that we need to intervene in habeas? I think even more than that. I mean, frankly, they're the most unfaithful. They're unfaithful to Apprendi, but they're also unfaithful to Illinois Supreme Court law that says that this question must be presented to the jury by saying you can't be found guilty absent this fact. In Pelt, they found that he had a mens rea, this mens rea argument that comes up. But when they reversed that, they actually kept the underlying predicate felony there. So they showed that there was no independent felonious purpose and reversed, outright reversed, for failure of evidence on that fact, but affirmed on the underlying predicate. So simply going through the instructions as they are, which are the same instructions from Morgan, same instructions as Pelt, does not present this question to the jury. How frequently do you get this mob action to relate to this kind of problem? How often do we get it? Yeah. It comes up, I mean, so this particular problem was supposed to be abolished. They weren't, they aren't supposed to be solely charging felony murder in these circumstances where there's intentional murder facts, but I mean, it comes up. I mean, one of the cases or two of the cases, Supreme Court cases actually are predicated on mob action. Mob action is a very convenient way for the state to charge pretty much any offense as murder as long as somebody dies. Mob action is a very ambiguous offense. Why isn't it, why isn't the real question whether the predicate felony and the resulting death are really so closely connected that you just have to charge murder, not the felony murder?  And that is what they were trying to prevent. This is a roundabout way. That's what the, you've hit the, that's the problem. And this was a roundabout way of handling that problem, but it's not being enforced in the court. But why on these facts is it a problem? I can certainly see your example that if, you know, somebody points a gun at another person, you can call that an assault, you know, if they pull the trigger and yet that would, those are just so linked together that in fact it's the murder that you're worried about. This, you've got this brawl going on for quite some time and if the guy had never, however he got down on the track, you know, you would have had a mob action. And you know, these are the way these things work sometimes, but Your Honor, in this case the state marked out the bounds of its charge, which in Illinois it does by its closing argument, to the acts on the platform. In order for mob action to be a forcible felony, underlying felony murder, it must be a forcible act. The only forcible act was that final act where he either struck or, you know, parried towards the victim and he fell on the tracks and died. Okay. I'll let you save your last minute for rebuttal. Mr. Fisher. Good morning, Your Honors, counsel, may it please the Court Assistant Attorney General Garson Fisher for the respondent. I'd like to start by addressing your first question, Judge Wood. In order for a petitioner to succeed on his claim, he would need Illinois law to be other than what the Illinois court said it is in this case. How do you respond to his point about Apprendi, where New Jersey was not saying that these were the elements, but the Supreme Court steps back and says, yes, but these are the things that are necessary to get this enhanced sentence. So, you know, you can call it a banana if you want to, you know, it's an element for federal due process purposes. Well, Your Honor, a review of the Illinois Supreme Court precedent actually shows that the Illinois Supreme Court has never held that the so-called independent felonious purpose requirement is a fact that needs to be established in order to find a defendant guilty of felony murder. What it has done is created a limitation on the state's authority to charge felony murder by saying, you can't charge felony murder where the predicate felony is inherent in or arising from the act that caused the victim's death, and that's what they mean by the independent felonious purpose. In Davison, which is the most recent case, and it's also a mob action case where they upheld the felony murder conviction on very similar facts to this case, they probably went into their greatest effort to examine and explain what they meant by independent felonious purpose and equated it with this limitation that says, essentially it's a question of which way the causation flows. If in committing a murder, the act of murdering someone causes you to also commit another felony, aggravated battery, aggravated discharge of a firearm, for example, then the state needs to prove knowing or intentional murder, but if... And that would relieve you of various burdens of proof. Absolutely, Your Honor, and that's why the Illinois Supreme Court created this legal standard to prevent abuse by the state. The state, in a felony murder case, doesn't need to prove a mens rea regarding the act that caused the victim's death. So why doesn't that, following the Apprendi vine, I mean, at a minimum, it seems to me that this is a federal issue. It's legitimately before us as a federal habeas corpus possibility. Then obviously you've got to move to what does the Supreme Court say, but if you don't have to worry about self-defense, if you don't have to worry about some of the other things that are off the table, if it's felony murder, then it strikes me that your burden of proof is changed by whether you charge as felony murder or regular. If I can address that question in two sort of separate tacks. The first is that Gaudin and Apprendi, the clearly established Supreme Court precedent to which, on which petitioner relies, are situations in which the government, the federal government in one case, the state government in the other, agreed that there was a factual matter that needed to be established in order to prove the defendant guilty. This is different. The state courts have said this is not a factual matter, that this is a legal standard. In Morgan, it's important to note, they didn't find that the state had failed to prove the defendant guilty of felony murder. What they held was that the state should never have been able to present a felony murder charge to the jury at all. Can I ask you, when this charge is presented, is it the law in Illinois that the judge will then look at the charging document and see whether the acts charged are sort of inherently part of the murder or not and toss out the indictment? What if that happens? I don't think that there's any requirement for the court to do that on its own, but certainly a defendant can move to dismiss the charge at that stage, and the question can be answered without reference to the strength of the state's evidence. It's on the face of the indictment, then? Yes, Your Honor. If, for example, the state charged a felony murder in a way that implicated a felony during the commission of which caused the victim's death, and then failed to present evidence of that felony, obviously there would be an opportunity at the close of the state's evidence for a directive verdict on that charge that says, well, the state hasn't really attempted to prove a predicate felony that is a proper predicate for felony murder. The petitioner said that this kind of case isn't supposed to exist anymore. This is exactly the kind of case where a felony murder is appropriate. As I said, Davison is a very similar case from the Illinois Supreme Court, but this is a case where the state proved the mens rea of mob action. They proved that the defendant set out to commit, to disturb the peace with his colleagues through the use of violence, and in doing so caused someone's death. Do you accept Mr. Melching's characterization that this was just the events on the platform at Roosevelt Road, or is that the whole course of the indictment? No, Your Honor, it's the whole course of conduct. The closing argument is not the evidence at trial, though evidence at trial is the evidence at trial, not to be circular. But clearly the defendant and his colleagues were disturbing the peace with the use of when they attacked the victim, when they then stepped back from the victim and his colleagues, and both parties armed themselves and resumed fighting. That fight then spilled onto the platform, and that's where the death occurred. But the mob action had been ongoing for an extended period of time. And finally, Your Honor, I would point out that it's not uncommon for there to be a legal standard that requires reference to the facts of a specific case in order to resolve that legal standard. The mere fact that you have to apply the facts of a case to the law to satisfy a question of law doesn't make the question a question of fact. The Illinois Supreme Court has consistently reviewed this question de novo as a question of law, and they refer to it solely as a question of law in one case. And as I said, in cases where they have reversed, it hasn't been on a finding of insufficient evidence. It's been on a finding that as a matter of law, it was improperly charged, improperly presented to the jury as felony murder because the predicate felony was inherent in and arising from the act that caused the victim's death. Unless the Court has any further questions, respondent asks that it affirm the District Court's decision. All right. Thank you very much. Anything further? Mr. Melching? Your Honor, the FLE says that it never said, the Illinois Supreme Court has never said that this is a fact that must be proved in order to have a conviction. In Davis, it says you could not be found guilty absent this fact. In Morgan, it said the same thing. And in Davidson, it says challenge your felony murder conviction based on what the evidence shows. So this charging limitation argument that the State brought up here in its brief, this is not something that's apparent from the face of the indictment like a statute of limitations claim. This is completely different. Every single case addressing this issue is based on the facts at trial. You do not have those facts before trial, and that's why it should be determined by the trier of fact. It cannot be based on the face because if you'll look at the case I cited from California, that's where it's a purely legal issue, where it's based on the actual underlying predicate felony. Not here, where it's based on the acts of the predicate felony. In Pelt, they did outright reverse for failure of evidence, unlike Morgan. And then Crespo does say exactly what I said about how the State marks out the bounds of its charge during closing argument. Importantly, the State court in this case said that this was a question of fact. So where are we going to give a deference? Because actually, they said it's a question of fact. All right. Thank you very much. Thank you, Your Honor. I appreciate your argument. Thanks to the State as well. We will take the case under advisement.